**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Crim. I.D. No.  30109009DI |
| | ) | |
| LESTER ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DEFENDANT'S MOTION FOR
POST CONVICTION RELIEF – DENIED**

**MOTION FOR EXPANSION OF RECORD – DENIED**

This 31st day of May, 2024, after having considered Lester Anderson's (hereinafter "Anderson") motion for postconviction relief, the State's response in opposition and the record in the matter, it appears to the Court that:

1.     Anderson was convicted following a jury trial of Murder in the First Degree on February 11, 1992.[1]  The State announced its intention not to seek capital punishment shortly after Indictment,[2] and at no time sought to reverse course. Anderson was then sentenced to the mandatory life imprisonment on July 10, 1992.[3] Anderson filed an unsuccessful direct appeal, followed by four unsuccessful motions

---

[1] See Docket: *State v. Lester Anderson*, Criminal Action No. 2012004283, D.I. 11.
[2] D.I. 9.
[3] D.I. 35.

for postconviction relief and respective appeals, among other various motions in the ensuing years.[4]

2.     Anderson has filed the instant motion for postconviction relief in June, 2023, along with a motion for appointment of counsel and a motion for transcripts.[5] The motion for appointment of counsel was denied on August 28, 2023.[6] The motion for transcripts was denied in part, granted in part.[7]  On September 11, 2023, Anderson filed a Motion for Certification of Questions of Law.[8]  That motion, which was denied by this Court on March 25, 2024,[9] overlapped significantly with the issues raised in the instant post-conviction motion.

**POSTCONVICTION MOTION**

3.     In this postconviction motion, Anderson raises two grounds for relief: 1) "The State violated [Anderson's] right to due process, equal protection, right to Jury-Trial [sic] and to be free from cruel and unusual punishment under the State and Federal Constitutions, when the state failed to resentence Movant to alternative sentence." and 2) "Delaware Courts must look to parameter established by the

---

[4] D.I. 18, 38, 52, 57, 61, 65, 69, 71, 73-75. 77, 81, 84-85, 87, 90, 91-92, 93-94, 95, 103, 104-105, 115-118, 129.
[5] D.I. 130.
[6] D.I. 135.
[7] D.I. 134.
[8] D.I.  137.
[9] D.I. 152.

legislature to impose sentences, and Delaware legislature did not provide for and [sic] alternative sentence in the event that § 4209 was ruled unconstitutional."[10]

1.      Reading his motion in totality, Anderson's claims relate to the Delaware Supreme Court holding in *Rauf v. State*[11], which held capital murder sentences under 11 *Del. C.* § 4209 unconstitutional.  Anderson's claims both argue, that *Rauf* invalidates his non-capital sentence under 11 *Del. C.* § 4209(a).[12] Anderson contends he should be resentenced under 11 *Del. C.* § 635, because imposing a non-capital mandatory life sentence under 11 *Del. C.* § 4209 violates his Eighth and Fourteenth Amendment rights under the United States Constitution.[13]

2.      In opposition, the State argues that Anderson's claims are both procedurally barred under Rule 61(i) and meritless.[14]   The State argues that *Rauf* and its progeny does not apply, nor does it create any question regarding the legality of Anderson's now "thirty-one year old non-capital sentence." [15]

3.      In response to the State's opposition, Anderson filed an extensive reply, seeming to argue a due process challenge to his jury trial and that he should not be procedurally barred from relief because he is entitled to "meaningful access to state

---

[10] D.I. 130.
[11] 145 A.3d 430 (Del. 2016).
[12] D.I. 130.
[13] *Id.*
[14] *Id.*
[15] D.I. 145.  Anderson moved to strike the State's response and to deem his motion unopposed due to the fact that the State's filing was untimely.  This motion was denied under separate cover. D.I. 147.

postconviction" procedures.[16]  Anderson continues to argue that the *Rauf* decision is newly decided constitutional law which should allow review of his claim despite the procedural bars cited by the State.[17]

4.      Before addressing the merits of a postconviction motion, the Court must apply the procedural bars of Superior Court Criminal Rule 61(i).[18] The finding of a procedural bar precludes a reviewing court from addressing the merits of a postconviction claim, to "protect the procedural integrity" of the Court Rules.[19]  A motion for postconviction relief can be procedurally barred as untimely, repetitive, failure to raise a claim in the proceedings leading to the judgment of conviction and for being formerly adjudicated.[20]

5.      Superior Court Criminal Rule 61(i)(1) precludes review of a motion for postconviction relief filed more than one year after the judgment of conviction is final.[21]  A defendant's conviction is final thirty days after this Court imposes its sentence, or when the Delaware Supreme Court issues a mandate or order where the conviction was directly appealed.[22]  As noted above, Anderson took a direct appeal to the Delaware Supreme Court, who affirmed his convictions on June 4, 1993.  The

---

[16] D.I. 150, p. 5, citing *Bounds v. Smith*, 430 U.S. 817 (1974).
[17] *See* generally, D.I. 150.
[18] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[19] *State v. Page*, 2009 WL 1141738, at *13 (Del. Super. April 29, 2009).
[20] Super. Ct. Crim. R. 61(i)(1)-(4).
[21] Super. Ct. Crim. R. 61(i)(1).
[22] Super. Ct. Crim. R. 61(m)(1)-(2).

instant motion was filed three decades after his judgment of conviction became final and is procedurally barred from review as untimely.

6. Under Superior Court Criminal Rule 61(i)(2), a second or subsequent postconviction motion is considered successive and barred.[23] Being that Anderson has filed multiple motions for postconviction relief, this procedural bar is applicable. To overcome this bar, Anderson, having been convicted following a jury trial, must plead with particularity, "a claim that a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court applies to the [defendant's] case and renders the conviction . . . invalid."

7. Affording Anderson a liberal reading of his pleadings, he appears to attempt to avoid this procedural bar in arguing that the *Rauf* decision is a "new rule of constitutional law made retroactive to cases on collateral review by the … Delaware Supreme Court." While *Rauf* found Delaware's statutory scheme in 11 *Del. C.* § 4209 as it related to capital murder unconstitutional[24] and *Powell v. State*[25] made *Rauf* retroactive to all applicable persons, Anderson is not an applicable person.

8. The State neither sought the death penalty for Anderson, nor was he sentenced as a capital offender under 11 *Del. C.* § 4209. As Anderson was not

---

[23] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[24] 145 A.3d 430 (Del. 2016).
[25] 153 A.3d 69 (Del. 2016).

sentenced under the provision of 11 *Del C.* § 4209 ruled unconstitutional, the relief from the procedural bar he seeks is unavailing.

9.      Under Superior Court Criminal Rule 61(i)(3), claims "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the defendant can show cause for relief and prejudice.[26] This does not bar review of Anderson's claim, as *Rauf* and *Powell* were decided after his conviction became final in 1993.   However, as mentioned above, *Rauf* is inapplicable to Anderson so his claims, while not barred, fail on their merits.

10.    Under Superior Court Criminal Rule 61(i)(4), formerly adjudicated claims in this case are barred.[27] This is the first time Anderson has raised this claim despite his many prior filings, therefore Rule 61(i)(4) does not bar consideration of his claims on the merits.

11.    To overcome the procedural bars do not apply if the movant can show the court lacked jurisdiction, or meets the pleading requirements under Rule 61(d)(2)(i) or (d)(2)(ii).[28] Rule 61(d)(2) requires movant to plead with particularity that new evidence exists that creates a strong inference of actual innocence or that a new retroactively applied rule of constitutional law renders the conviction invalid.[29]

---

[26] Super. Ct. Crim. R. 61(i)(3).
[27] Super. Ct. Crim. R. 61(i)(4). This includes postconviction proceedings.
[28] Super. Ct. Crim. R. 61(i)(5).
[29] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

12. Anderson also fails to meet the pleading requirements of Rule 61(d)(2)(i) and (ii) to overcome the procedural bars.[30] Again, Anderson mistakenly assumes that *Rauf* was applicable to both capital and non-capital offenders; *Rauf* very clearly only analyzes the constitutionality of the capital sentencing structure of 11 *Del. C.* § 4209.[31]

13. *Rauf* did not strike down the entirety of 11 *Del. C.* § 4209.[32] Further, in *Powell*, the Delaware Supreme Court upheld the mandatory sentence of life without parole portion of the statute.[33] Neither *Rauf* or *Powell* helps Anderson overcome Rule 61(d)(2)(i) or (d)(2)(ii).

14. Summary dismissal, as well as dismissal on the merits, is appropriate as it plainly appears from the motions, the State's Response, Anderson's replies thereto and the record of the prior proceedings in the case that Anderson is not entitled to relief.[34]

## MOTION FOR EXPANSION OF RECORD

15. Anderson moved on February 26, 2024, to expand the record in order to pursue his postconviction motion. To the extent the Court is able to make out a

---

[30] Super. Ct. Crim. R 61(i)(5).
[31] *Rauf*, 145 A.3d at 433.
[32] *State v. Manley*, 2018 WL 1110420, at *2 (Del. Super. Ct. Feb. 28, 2018). *See generally* 11 *Del. C.* § 636(b).
[33] 153 A.3d 69, 70–1 (Del. 2016) (holding that the defendant's "death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'" (quoting 11 *Del. C.* § 4209(d)(2)).
[34] Super. Ct. Crim. R. 61(d)(5).

cognizable claim from his filing, it appears Anderson is seeking the Court's consideration of the supplemental filings, the file contents of the State's appeal, pre-trial motion documents, office conference transcripts from 1991 and appears to seek this Court's review of the trial testimony to review whether the State met its burden of proof upon conviction.[35]  Anderson has failed to articulate the necessity of his requests.  The Court has reviewed the record in making the above findings, to the extent relevant.

16.  In recognition of the claims pursued by Anderson in his postconviction motion, the applicable procedural bars to his relief in the instant motion and the bars to relief should subsequent motions be filed, the motion is meritless and irrelevant.[36] Anderson has not provided a factual basis for his requests for transcripts, nor has he identified the specific rights he claims are violated.[37]  To the extent Anderson requests additional documents, any appellate documents are already contained in the record, therefore an expansion request is moot.  And it is simply inappropriate to move to review the sufficiency of the evidence of his conviction, as Anderson's direct appeal has come and gone.  The Court has reviewed the relevant record and does not find an expansion of the record necessary for its finding.

---

[35] D.I. 151.
[36] Super. Ct. Crim. R. 61(g).
[37] *State v. Allen*, 2002 WL 31814750, *1 (Del. Super. Ct.).

THEREFORE, Anderson's Motion for Postconviction Relief is DENIED, and

Anderson's Motion for Expansion of the Record is DENIED.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary
cc:    John Williams, Deputy Attorney General
       Lester Anderson, *Pro Se*, SBI: 225954